ORDERED.

Dated:  **February 26, 2024**

_____

Roberta A. Colton
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION
www.flmb.uscourts.gov

In re

Charles Edward Lincoln, III,                    Case No.  8:23-bk-03327-RCT
*dba* ALDF                                       Chapter 7
*dba* American Legal Defense Fund

        Debtor.

_____

**ORDER ON DEBTOR'S RULE 7052 MOTION FOR FURTHER FINDINGS OF FACT
AND CONCLUSIONS OF LAW RE DOCUMENTS 72-77, AND/OR IN THE
ALTERNATIVE, MOTION TO CERTIFY QUESTIONS FOR DIRECT APPEAL OR
APPEAL UNDER THE COLLATERAL ORDER DOCTRINE; AND
<u>ORDER DENYING DEBTOR'S REQUEST FOR RECONISDERATION AND REHEARING</u>**

THIS CASE was considered, without a hearing, on Debtor's Rule 7052 Motion for Further

Findings of Fact and Conclusions of Law Re Documents 72-77, and/or in the Alternative, Motion

to Certify Questions for Direct Appeal or Appeal Under the Collateral Order Doctrine.  (Doc.

83)(the "Motion"). The Motion also is construed to be a request for rehearing and reconsideration

of this Court's Order Granting the United States Trustee's Motion to Dismiss Case With Prejudice.

(Doc. 77).

The specific documents for which the Motion seeks additional findings are as follows:

- Doc. 72: the Court's Hearing Proceeding Memo

- Doc. 73: Order Denying Motion for Judicial Notice of Prior BK 341 Meetings to Establish Identity, or in the Alternative, to Waive Card Requirement and Objection to Corrective Notice as Moot due to the case being dismissed pursuant to Doc. 77

- Doc. 74: Order not requiring Debtor to show cause why his case should not be transferred due to the case being dismissed pursuant to Doc. 77

- Doc. 75: Order Denying Motion To File Paper Under Seal as Moot due to the case being dismissed pursuant to Doc. 77

- Doc. 76: Order Denying as Moot Motion To Reschedule Hearing Set for February 9, 2024, on the U.S. Trustee's January 29, 2024 Motion to Dismiss, as the motion was filed at 11:55 p.m. the night before the hearing and Debtor was heard in response to the motion to dismiss at the February 9, 2024 hearing

- Doc. 77: Order Granting Motion to Dismiss Case with Prejudice and Barring Refiling by the Debtor, and Imposing a Bar to Future Filings for a Period of 180 Days

Of these, the only document that the Court can provide additional findings of fact and conclusions of law would be the order granting the United States Trustee's Motion to Dismiss. (Doc. 77). To that extent, the Court provides the following.

### Debtor's Current Bankruptcy Case

Debtor filed this case under Chapter 13 on August 2, 2023.[1]  He did not file complete schedules, nor did he file a Chapter 13 plan.  Obviously, he made no Chapter 13 plan payments.[2]

Debtor's First Meeting of Creditors under Bankruptcy Code Section 341 ("341 Meeting") was scheduled for September 5, 2023.[3]  But, on September 4, 2023, Debtor filed a Motion to Allow Private Meeting with Creditors, on grounds that he did not have a social security card and was concerned about "unfavorable complications" in his life and in other litigation.[4]  That motion was

---

[1] Doc. 1.
[2] Doc. 36.
[3] Doc. 6.
[4] Doc. 21.

denied, and his 341 Meeting was rescheduled for September 21, 2023.[5]  Then, on September 13,

2023, Debtor filed a new Voluntary Petition under Chapter 7 of the Bankruptcy Code.[6]  As a result,

his case was converted from a Chapter 13 reorganization to a Chapter 7 liquidation.[7]  Thus, he was

able to avoid a 341 Meeting while the case was in Chapter 13.

After the case was converted to a Chapter 7, his 341 Meeting was rescheduled for October

19, 2023.[8]  But, on October 10, 2023, Debtor filed a document titled, "Statement Regarding Seven

Requirements for 341 Meeting of Creditors," in which he requested that the Court order the Trustee

to hold a private 341 meeting.[9]  The Court construed this as a second motion for a private 341

Meeting and denied this request for a second time on October 17, 2023.[10]

On October 19, 2023, Debtor appeared at the 341 Meeting, but he did not produce a social

security card or acceptable identification.  He explained at a subsequent hearing that he has been

"off the grid."  The 341 Meeting obviously could not be concluded.  Thereafter, instead of

obtaining valid identification or a Social Security card, Debtor filed an Objection to Corrective

Notice and Motion for Judicial Notice of Prior BK 341 Meetings to Establish Identity, or in the

Alternative, to Waive "Card" Requirement.[11]  The docket reflects that Debtor did not appear at the

341 Meeting scheduled for January 26, 2024.

After reviewing Debtor's bankruptcy information, on January 19, 2024, the Court issued

an Order to Show Cause Why Case Should Not Be Transferred to the Easter District of

---

[5] Docs. 20, 22.
[6] Doc. 27.
[7] Doc. 31.
[8] Doc. 31.
[9] Doc. 41.  Debtor asserted various reasons for a private meeting, including: (1) he is not sure how or when he will obtain proof of his social security number; (2) he has a sleep disorder that makes the current scheduled time for the meeting difficult; (3) he is a disbarred attorney that supports himself via private donations from others; (4) he had bad experiences with prior bankruptcies in other states; and (5) some of the claims asserted against him require special attention.  (Doc. 41).
[10] Doc. 42.
[11] Doc. 49.

Louisiana.[12]  The Court noted that Debtor resides in New Orleans and that none of his creditors or assets are in the Middle District of Florida.  Indeed, nearly all of his assets are in Louisiana, and many items are in storage in New Orleans. Other minor assets are in Mexico.  The Order to Show Cause required Debtor to appear in person so that evidence could be considered and any identification issues might be resolved in the process.

In his Verified Response to Order to Show Cause, Debtor directed the Court to a District Court order that sanctioned him in the amount of $75,000 "for his continuous barrage of frivolous lawsuits and pleadings" in the Eastern District of Louisiana.[13]  The order also prohibited him from filing any pleadings in that court until the sanction is paid or leave of court is granted for good cause.  As a result of this sanction, Debtor requested that his bankruptcy case before this Court be dismissed or transferred to anywhere but the Eastern District of Louisiana.[14] And, if dismissed, Debtor assured the Court that he "promise[d] [he] won't try again anytime soon."[15]

On January 29, 2024, The United States Trustee ("UST") moved to dismiss this case with a two-year filing injunction (Doc. 59).  The UST set forth the following history of Debtor's bankruptcy filings:

---

[12] Doc. 56.
[13] *Lincoln v. Mendler*, Case No. 2:18-cv-04542-ILRL-KWR (E.D. La.), Doc. 36 entered on April 15, 2019.
[14] Doc. 58, p. 8.
[15] Doc. 58, p. 8.

| CASE NUMBER | BANKR. COURT | CHAPTER | DATE FILED | DATE DISMISSED | REASON FOR DISMISSAL |
|---|---|---|---|---|---|
| 8:08-bk-11554 | W.D. of Tex. | 7 | 08/21/2008 | 12/16/08 | Debtor Dismissed. |
| 8:09-bk-10340 | D. Mass. | 7 | 12/18/2009 | 02/06/09 | Debtor failed to file schedules |
| 8:09-bk-14122 | D. of Mass. | 13 | 05/06/2009 | 06/25/2009 | Failure to file Information |
| 8:16-bk-12650 | E.D. of La. | 11 converted to Ch.7 | 10/26/2016 | 10/30/2018 | Waiver of Discharge obtained after complaint filed under §727 by the U.S. Trustee |
| 3:18-bk-26726 | D of N.J. | 11 | 08/21/2018 | 11/26/2018 | Case Dismissed following failure to address orders to show cause and Motions to Dismiss filed by UST and creditor |
| 8:19-bk-05127 | M.D. of Fla. | 11 | 05/30/2019 | 07/18/2019 | Dismissed on UST Motion failure to keep insurance/ Failure to close Pre-Petition accounts. |
| 8:23-03327 | M.D. of Fla | 13 converted to Ch. 7 | 08/02/23 | | Currently Pending |

The Court took judicial notice of these court files and reviewed the proceedings therein.[16]

**Debtor's Prior Bankruptcy Cases**

Notably, in 2008, Debtor filed a Chapter 7 petition in the United States Bankruptcy Court for the Western District of Texas. The case languished in bankruptcy for a bit before the United

---

[16] This Court can take judicial notice of Debtor's prior bankruptcy proceedings. *See Bobadilla v. Aurora Loan Services, LLC,* 478 Fed. Appx. 625, 627 (11th Cir. 2012).

States District Court for the Western District of Texas withdrew the reference and dismissed

Debtor's Chapter 7 case, stating:

> Prior to initiating this proceeding, sanctions in the amount of $150,000 were imposed against Lincoln in Case Number W-08-CA-010 because of his history of harassing litigation.  Lincoln was precluded from filing any further pleadings or lawsuits in any federal court in Texas, or removing any Texas state case to federal court, until the sanctions were wholly paid into the registry of the court, or unless leave of court was first obtained.  . . . Lincoln's present Chapter 7 Petition is in violation of the Court's Order . . ..[17]

Later, in 2016, Debtor filed a bankruptcy petition in the United States Bankruptcy Court

for the Eastern District of Louisiana (the "Louisiana Bankruptcy Case").[18]  In that case, the UST

filed an adversary complaint against Debtor for denial of discharge under 11 U.S.C. § 727, alleging

that Debtor: (i) failed to disclose significant transfers he made and deposits he received on his

schedules and statements, (ii) failed to maintain records of the transfers and receipts, (iii)

knowingly made false oaths regarding said transfers, receipts and records, (iv) failed to adequately

explain the loss of over $100,000 in inheritance funds pre-petition, and (v) failed to obey court

orders during the administration of the case.[19]  In order to avoid a trial on this adversary complaint,

on October 30, 2018, Debtor waived his Chapter 7 discharge.[20]

Prior to the entry of his waiver of discharge in the Louisiana Bankruptcy Case, on August

21, 2018, Debtor filed another bankruptcy case in the United States Bankruptcy Court for the

District of New Jersey (the "New Jersey Bankruptcy Case").[21] In the New Jersey Bankruptcy Case,

---

[17] *In re Charles Edward Lincoln, III*, Case No. 08-11554-cag (Bankr. W.D. Tx.), Doc. 47 filed on January 13, 2009.

[18] *In re Charles Edward Lincoln, III*, Case No. 16-12650 (Bankr. E.D. La.).

[19] *Hobbs v. Lincoln*, Case No. 17-01043 (Bankr. E.D. La.), Doc. 1 filed on June 23, 2017.

[20] *Hobbs v. Lincoln*, Case No. 17-01043 (Bankr. E.D. La.), Doc. 65 filed on October 30, 2018.

[21] *In re Charles Edward Lincoln, III*, Case No. 18-26726 (Bankr. D. N.J.).

one of Debtor's creditors and the UST filed Motions to Dismiss the case.[22]  The bankruptcy court

dismissed the case for cause under 11 U.S.C. § 109(g)(1) "due to Debtor's willful failure to abide

by the Orders of the Court, and for his failure to appear before the Court in proper prosecution of

his case."[23]  The bankruptcy court also imposed a bar against refiling for 180 days.[24]

Thereafter, on May 30, 2019, Debtor filed his first bankruptcy case in Florida (the "First

Florida Bankruptcy Case").[25]  The case was filed as a Chapter 11, with incomplete bankruptcy

schedules.  The Court granted Debtor two extensions to file his schedules and permitted Debtor to

pay the filing fee in installments (even giving Debtor an extension for paying the first

installment).[26]  Ultimately, the UST filed a Motion to Dismiss the First Florida Bankruptcy Case,

alleging, *inter alia*, that Debtor failed to maintain insurance over his property, close pre-petition

accounts, open a DIP account, attend the Initial Debtor Interview, and provide requested

documents.[27]  Debtor's First Florida Bankruptcy was dismissed on July 18, 2019, less than seven

weeks after filing.[28]

### Debtor's Motion Before this Court

On February 9, 2024, this Court dismissed Debtor's bankruptcy case and imposed a 180-

day filing bar.  In response, Debtor filed the instant motion requesting additional findings of fact

---

[22] *In re Charles Edward Lincoln, III*, Case No. 18-26726 (Bankr. D. N.J.), Docs. 52 and 53 filed on October 29, 2018.

[23] *In re Charles Edward Lincoln, III*, Case No. 18-26726 (Bankr. D. N.J.), Doc. 83 filed on December 10, 2018.

[24] *In re Charles Edward Lincoln, III*, Case No. 18-26726 (Bankr. D. N.J.), Doc. 83 filed on December 10, 2018.

[25] *In re Charles Edward Lincoln, III*, Case No. 8:19-bk-05127-CED (Bankr. M.D. Fla.).

[26] *In re Charles Edward Lincoln, III*, Case No. 8:19-bk-05127-CED (Bankr. M.D. Fla.), Docs. 8, 21, 34, 40.  Debtor also filed a third motion to extend the time to file schedules and to make the filing fee installment payments.  (Doc. 44).

[27] *In re Charles Edward Lincoln, III*, Case No. 8:19-bk-05127-CED (Bankr. M.D. Fla.), Doc. 42 filed on July 5, 2019.

[28] *In re Charles Edward Lincoln, III*, Case No. 8:19-bk-05127-CED (Bankr. M.D. Fla.), Doc. 53 filed on July 18, 2019.

and conclusions of law and/or to certify an appeal.  The instant motion can also be liberally construed as requesting reconsideration and rehearing of the dismissal order.

On February 9, 2024, at the hearing on this Court's Order to Show Cause and the UST's Motion to Dismiss, Debtor failed to appear in person as directed. Nevertheless, the Court permitted him to appear by Zoom to address the UST's Motion.

Ultimately, the Court agreed with the UST that the case should be dismissed, but imposed a 180-day bar against refiling, not the two-year bar requested by the UST.  The Court's reasoning follows.

First, more than six months after filing this case, Debtor has been unable to complete his 341 Meeting.  By statute, this meeting is to be convened "within a reasonable period of time after the Order for Relief."[29]  A case cannot be administered until a debtor has been properly identified and the trustee has sufficient information to question the debtor. Debtor's Chapter 7 case is going nowhere, while Debtor has enjoyed the benefit of the automatic stay.

Second, Debtor did not take the orders of this Court seriously.  He ignored the Court's order denying a private 341 Meeting and disobeyed the Court's Order to Show Cause to appear in person at the hearing on February 9, 2024.

Third, Debtor has an undisputable history of filing serial unsuccessful bankruptcies—at least four recent bankruptcy cases filed in three different courts across the country.[30]  Debtor's papers also suggests that he believes he can file in California and/or Montana.[31]  Indeed, this is not the first time Debtor has been barred from filing bankruptcy for abuse and delay. The Bankruptcy Court for the District of New Jersey imposed a similar 180-day bar for abusive filing in 2018.

---

[29] 11 U.S.C. § 341(a).
[30] Since 2016, Debtor has filed bankruptcy in Louisiana, New Jersey, and two cases in Florida. None have resulted in a discharge.
[31] Doc. 58, p. 9.

Fourth, the Bankruptcy Court for the Eastern District of Louisiana is the proper venue for Debtor's bankruptcy case. Even if Debtor's dubious claim that his principal place of business in the Middle District of Florida[32] is accepted, the Court would nevertheless transfer the case to the Eastern District of Louisiana because that is where Debtor and his assets are located. Debtor has filed this and other cases outside of the Eastern District of Louisiana because he has been sanctioned by his local district court, he has presumably not paid that sanction, and he is not willing to seek relief from the sanction order to establish cause. Thus, the decision to file in Florida is not reflective of the good faith required to support a bankruptcy petition.

Fifth, Debtor's decision to file a Chapter 13 case, without ever bothering to file a Chapter 13 plan or make any effort to pay his under a plan, is further evidence of abuse.

The Court certainly has the authority to dismiss this case and to impose a bar.[33] The six-month bar is fair and reasonable under the circumstance in view of Debtor's abuse in this case and in his prior cases. The bar also should give Debtor time to get his affairs in order and perhaps obtain proper identification.

Debtor has many complaints about the judicial system and many of the judicial officers that he has appeared before. This Court takes no position on any of those assertions or allegations. Simply stated, Debtor's conduct has impeded this bankruptcy, and this case cannot proceed or be administered as anticipated by the Bankruptcy Code because of Debtor's conduct. His track record in this and other bankruptcy cases confirms this.

As a result, the Court finds dismissal with prejudice was appropriate under 11 U.S.C. § 707, as was the six-month filing bar. Thus, to the extent that Debtor is seeking reconsideration

---

[32] On the one hand, Debtor claims to have "supporters" in the Middle District of Florida. (Doc. 58, p. 9). But in the same document he avers that his "most steady supporters and most generous donors are from California and Montana." (Doc. 58, p.9).

[33] *See In re Kelly*, 2023 WL 8588129, at *41 (Bankr. D. Md. Dec. 11, 2023).

and rehearing, the Court finds that Debtor has not met his burden of showing that such relief is warranted.[34]

With respect to Debtor's alternative request regarding an appeal, there is nothing for the Court do, as its dismissal order is a final, appealable order, as is this denial of Debtor's request for rehearing and reconsideration.

It is **SO ORDERED**.

Clerk's office to serve.

---

[34] Motions for reconsideration are governed by Federal Rule of Bankruptcy Procedure 9023, which incorporates Rule 59 of the Federal Rules of Civil Procedure. Relief under Rule 59(e) is limited to the following circumstances: "(1) an intervening change in controlling law; (2) newly discovered evidence; or (3) clear error or manifest injustice." *Woide v. Fed. Nat'l Mortg. Ass'n (In re Woide)*, No. 6:16–cv–1484–Orl–37, 2017 WL 549160, at *1 (M.D. Fla. Feb. 9, 2017), *aff'd*, 730 Fed. Appx. 731 (11th Cir. 2018). Rule 59 may not "be used to 'relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." *Id.* (quoting *Michael Linet, Inc. v. Vill. of Wellington, Fla.*, 408 F.3d 757, 763 (11th Cir. 2005)). "Furthermore, reconsideration of a previous order is an extraordinary remedy to be employed sparingly." *Burger King Corp. v. Ashland Equities, Inc.*, 181 F. Supp.2d 1366, 1370 (S.D. Fla. 2002) (citation omitted).